D. R. (Rob) Case (WSBA #34313)
Paul M. Larson (WSBA #6010)
James S. Berg (WSBA #7812)

**LARSON BERG & PERKINS PLLC**
Attorneys for Plaintiffs
P.O. Box 550
Yakima, WA  98907-0550
Phone:  (509) 457-1515
Fax:  (509) 457-1027
Email:  Rob@LBPlaw.com
Email:  Paul@LBPlaw.com
Email:  JSBerg@LBPlaw.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADLEY I. KING and<br>GERALYNN G. KING,<br>   husband and wife;<br>BRIAN E. KING and<br>KRISTI A. KING,<br>   husband and wife;<br>CURTIS P. KING and<br>LOIS A. KING,<br>   husband and wife;<br>GARY E. KING and<br>MARGARET A. KING,<br>   husband and wife;<br>DONALD CRAIG and<br>TERESITA CRAIG,<br>   husband and wife;<br>ERIN CRAIG, a natural person;<br>JUSTIN CRAIG, a natural person;<br>KENNETH CRAIG and<br>ROSE MARIE CRAIG,<br>   husband and wife;<br>GREG AFF and<br>DEENA AFF,<br>   husband and wife; | NO.  CV-09-3110-EFS<br><br>**STOCKHOLDERS' DERIVATIVE COMPLAINT**<br><br>**(Including Request for Temporary Restraining Order)** |

STOCKHOLDERS' DERIVATIVE COMPLAINT - 1

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA  98907
(509) 457-1515
(509) 457-1027 (fax)

1  JOHN BROADFOOT and
2  CANDACE BROADFOOT,
       husband and wife;
3  ERIC M. FAGGIONATO and
4  ANDREA M. FAGGIONATO,
       husband and wife;
5  MATHEW PIETRUSIEWICZ and
6  JENNIFER K. PIETRUSIEWICZ,
       husband and wife;
7  TODD NEWLEAN and
8  MICHELLE NEWLEAN,
       husband and wife;
9  TEDDY B. SPARLING, JR., and
10 LISA M. SPARLING,
       husband and wife;
11 LAWRENCE D. WILDER, and
12 ARELE WILDER,
       husband and wife; and
13 NICOLA O'SULLIVAN, a natural
14 person, and THE NICOLA
   O'SULLIVAN TRUST,
15     with Nicola O'Sullivan as Trustee;

16              Plaintiffs,

17        vs.

18 KESSELRING HOLDING
19 CORPORATION,
       a Delaware corporation;
20 KESSELRING CORP., INC.,
21     a Florida corporation;
   VIRGIL LEE SANDIFER, JR.
22 (a/k/a "Brother" Sandifer),
23     a natural person;
   JOSEPH A. SILVA,
24     a natural person;
25 ANY UNKNOWN DIRECTORS
       of Kesselring Holding Corporation;
26 ANY UNKNOWN OFFICERS

**STOCKHOLDERS' DERIVATIVE COMPLAINT - 2**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA  98907
(509) 457-1515
(509) 457-1027 (fax)

1  of Kesselring Holding Corporation;
2  ANY UNKNOWN DIRECTORS
   of Kesselring Corp., Inc.; and
3  ANY UNKNOWN OFFICERS
   of Kesselring Corp., Inc.,
4
5                          Defendants.

6                    **NATURE OF LAWSUIT**

7                              1.

8      This lawsuit is a stockholders' derivative lawsuit.  More specifically,
9  and as alleged within paragraphs 36-38 below, portions of this lawsuit
10 qualify as a "double-derivative" and "multi-derivative" action.

11

12                       **PLAINTIFFS**

13                             2.

14     The plaintiffs are each and all natural persons.   With limited
15 exceptions, the plaintiffs are each and all permanent residents of the State
16 of Washington.   The only exceptions are TEDDY B. SPARLING and
17 ARLENE SPARLING (husband and wife), and NICOLA O'SULLIVAN and
18 THE NICOLA O'SULLIVAN TRUST, all of whom are permanent residents
19 of the State of Florida.

20                             3.

21     The plaintiffs are each and all current stockholders in the entity
22 known as KESSELRING HOLDING CORPORATION (which is the first
23 named-defendant herein), and were stockholders at the time of the
24 transaction(s) or threatened action(s) that form the basis for this lawsuit.
25 ///
26 ///

**STOCKHOLDERS' DERIVATIVE COMPLAINT - 3**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA  98907
(509) 457-1515
(509) 457-1027 (fax)

1

2

## PLAINTIFFS OWN THE MAJORITY OF SHARES

4.

3    Collectively, the plaintiffs own and hold more than 50% of the total
4  outstanding stock in KESSELRING HOLDING CORPORATION (which is
5  the only publicly-traded entity implicated by this lawsuit).    More
6  specifically, there are approximately 36,046,321 shares of stock
7  outstanding, as reflected on said entity's most-recent 10-Q Form filed on
8  June 30, 2009, a copy of which is appended hereto and marked as
9  "Exhibit A".    Of that total, the plaintiffs cumulatively own and hold
10  20,393,272 shares of stock, which equates to approximately 56.58% of
11  the total outstanding shares.    (The plaintiffs' cumulative total shares of
12  stock are substantiated via one or more "Declarations" that will be
13  currently filed with this "Complaint" as support of plaintiffs' pursuit of a
14  Temporary Restraining Order.)

15

16

## CORPORATE DEFENDANTS

5.

17

18    Defendant KESSELRING HOLDING CORPORATION is a for-profit
19  corporation organized under the laws of Delaware.    (Hereinafter,
20  KESSELRING HOLDING CORPORATION is referred to as the
21  "Parent Entity", in order to distinguish this entity from a similarly-named
22  co-defendant).    The Parent Entity is a publicly-traded company under the
23  stock symbol "KSSH", and is among the class of companies
24  commonly-known as "penny stocks".

25  ///

26  ///

**STOCKHOLDERS' DERIVATIVE COMPLAINT - 4**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA  98907
(509) 457-1515
(509) 457-1027 (fax)

6.

The principal executive office of the Parent Entity is located within the State of Washington, specifically at 602 West Valley Mall Boulevard, Union Gap, Washington  98901, which is reflected on the Parent Entity's most-recent 8-K Form filed on September 9, 2009, a copy of which is appended hereto and marked as "Exhibit B".

7.

The Parent Entity is engaged in business within the State of Washington principally, and perhaps exclusively, via an entity known as KING BROTHERS WOODWORKING, INC. (which entity is addressed in paragraph 9 below).

8.

Defendant KESSELRING CORP., INC. is a for-profit corporation organized under the laws of Florida. (Hereinafter, this entity is referred to as the "Middle Entity", in order to distinguish this entity from a similarly-named codefendant).  The Middle Entity is a privately-held company and is a wholly-owned subsidiary of the Parent Entity.

## **NON-PARTY ENTITIES**

9.

A third corporate entity, which is not a party to this lawsuit but which is implicated hereby, is KING BROTHERS WOODWORKING, INC. (Hereinafter, this entity is referred to as "King Brothers".) King Brothers is a for-profit corporation organized under the laws of Washington. King Brothers is a privately-held company and is a wholly-owned subsidiary of the Middle Entity.

STOCKHOLDERS' DERIVATIVE COMPLAINT - 5

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA 98907
(509) 457-1515
(509) 457-1027 (fax)

10.

A fourth entity, which is not a party to this lawsuit but which is implicated hereby, is known as SEARCHLIGHT PARTNERS, LLC. (Hereinafter, this entity is referred to as the "Consulting Company".)  The Consulting Company is a for-profit limited liability company organized under the laws of Florida.

## PERSONAL DEFENDANTS

11.

Defendant VIRGIL LEE SANDIFER, JR. (a/k/a "Brother" Sandifer) is a natural person.  (Hereinafter, this defendant is referred to interchangeably as "Sandifer" and/or the "Sole Board Member".)  Sandifer is a current Board Member of the Parent Entity, and, more specifically, Sandifer is the only known Board Member of the Parent Entity.  Sandifer was appointed as the interim chairman on or about September 3, 2009, which is reflected on the Parent Entity's 8-K Form filed on September 4, 2009, a copy of which is appended hereto and marked as "Exhibit C".

12.

Defendant JOSEPH A. SILVA is a natural person.  (Hereinafter, this defendant is referred to interchangeably as "Silva" and/or the "Sole Officer".)   Silva is a current Officer of the Parent Entity, and, more specifically, Silva is the only known Officer of the Parent Entity. Silva was appointed as chief executive officer and chief financial officer on or about September 11, 2009, which is reflected on the Parent Entity's 8-K Form filed on September 17, 2009, a copy of which is appended hereto and marked as "Exhibit D".

STOCKHOLDERS' DERIVATIVE COMPLAINT - 6

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA  98907
(509) 457-1515
(509) 457-1027 (fax)

## PERSONAL DEFENDANTS ARE NOT VALID DIRECTORS AND/OR
## OFFICERS OF THE "MIDDLE ENTITY" OR "KING BROTHERS"

13.

Based on current information and belief, neither defendant Sandifer nor defendant Silva has been validly elected to serve as a director and/or validly appointed as an officer of the Middle Entity, nor with respect to King Brothers.    However, as alleged within paragraphs 21-35 below, defendants Sandifer and/or Silva have previously, and continue to, purport to act as directors and/or officers of the lower entities, despite not having been validly elected and/or appointed to such positions.

14.

The plaintiffs have obtained three "Written Consent" documents, which purport to elect and/or appoint defendants Sandifer and/or Silva to act as directors and/or officers of the lower entities.    Copies of the "Written Consent" documents are appended hereto and collectively marked as "Exhibit E".    However, these documents are void ab initio. Moreover, these documents, as written, do not properly confer any power or position to defendants Sandifer and/or Silva, because the recital clauses (*i.e.*, the "Whereas" clauses) falsely proclaim as past-facts the very elections and/or appointments that are, and always have been, lacking and non-existent, which renders the documents circular and invalid.

///
///
///
///

**STOCKHOLDERS' DERIVATIVE COMPLAINT - 7**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA  98907
(509) 457-1515
(509) 457-1027 (fax)

## DEFENDANTS IDENTIFIED GENERICALLY

### 15.

The defendants identified as ANY UNKNOWN DIRECTORS and ANY UNKNOWN OFFICERS of the Parent Entity are joined by generic identification based on the possibilities (a) that additional or alternate directors and/or officers could have been purportedly or attempted to be appointed without notice to plaintiffs, or (b) that additional or alternate directors and/or officers could be purportedly or attempted to be appointed during the pendency of this lawsuit.   Notwithstanding this generic identification, if any such appointment(s) have been or are attempted, it is specifically alleged that each such appointment is void ab initio.

### 16.

The defendants identified as ANY UNKNOWN DIRECTORS and ANY UNKNOWN OFFICERS of the Middle Entity have been joined by generic identification based on the possibilities (a) that additional or alternate directors and/or officers could have been purportedly or attempted to be appointed without notice to plaintiffs, or (b) that additional or alternate directors and/or officers could be purportedly or attempted to be appointed during the pendency of this lawsuit.   Notwithstanding this generic identification, if any such appointment(s) have been or are attempted, it is specifically alleged that each such appointment is void ab initio.

///

///

///

///

STOCKHOLDERS' DERIVATIVE COMPLAINT - 8

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA  98907
(509) 457-1515
(509) 457-1027 (fax)

**JURISDICTION**

17.

Personal jurisdiction is proper based on (a) diversity of citizenship between plaintiffs and some or all of the named-defendants, (b) the facts that the Parent Entity's principal executive office is located within the State of Washington (as alleged within paragraph 6 above) and that King Brothers is organized under the laws of the State of Washington (as alleged within paragraph 9 above), and (c) that fact that some or all of defendant Silva's wrongful actions occurred within the State of Washington (which is further addressed within paragraph 25 below).

18.

Subject matter jurisdiction is proper because the amount in controversy exceeds the threshold established by 28 U.S.C. §1332(a) or otherwise established (which is further addressed within paragraphs 24-27 below).

19.

Federal Rule of Civil Procedure 23.1 is satisfied in all regards.  This lawsuit is not filed for a "collusive" purpose of conferring jurisdiction that this Court would otherwise lack.  Moreover, because the Parent Entity has only one Board Member (*i.e.*, defendant Sandifer) and that person is among the named-defendants herein, it would be futile to require plaintiffs to make any effort or demand upon the sole Board Member to file this lawsuit.

///

///

///

**STOCKHOLDERS' DERIVATIVE COMPLAINT - 9**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA 98907
(509) 457-1515
(509) 457-1027 (fax)

1    **USURPATION AGAINST "MIDDLE ENTITY" AND "KING BROTHERS"**

2                                    20.

3    Despite having held positions in the Parent Entity, neither defendant

4    Sandifer nor defendant Silva is a director and/or officer of the

5    Middle Entity and/or King Brothers.  Rather, the current sole director and

6    officer of the Middle Entity is Charles B. Rockwood, which is reflected on

7    the Middle Entity's most-recent annual report filed with the Florida

8    Secretary of State's Office on April 20, 2009, as well as the online "Detail

9    by Entity Name" for the Middle Entity, both of which are collectively

10   appended hereto and marked as "Exhibit F".  There are three directors of

11   King Brothers (Gary King, Curtis King and Ken Craig), and the President

12   and CEO is Gary King (which is substantiated via the "Declaration of Gary

13   King" that will be currently filed with this "Complaint" as support of

14   plaintiffs' pursuit of a Temporary Restraining Order.)

15                                   21.

16   However, defendants Sandifer and/or Silva have recently, and

17   continue trying to, dominate and control the Middle Entity and King

18   Brothers (a) by disregarding the corporate structure of the lower entities,

19   (b) by usurping powers and discretion that properly reside with the

20   duly-elected directors and duly-appointed officers of the lower entities,

21   and (c) by threatening legal action and/or retaliatory discharge against the

22   actual directors and officers of the lower entities based on their resistance

23   to the wrongful actions of defendants Sandifer and Silva.  (Hereinafter,

24   defendants Sandifer and Silva are collectively referred to as "said

25   defendants".)

26   ///

**STOCKHOLDERS' DERIVATIVE COMPLAINT - 10**    LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA  98907
(509) 457-1515
(509) 457-1027 (fax)

## MISAPPROPRIATION OF FUNDS

22.

More specifically, said defendants have previously required, and continue to insist that, King Brothers transfers funds to the Parent Entity, often for the explicit purpose of the funds then being transferred to the Consulting Company, despite that (a) no business relationship has ever existed between King Brothers and the Consulting Company, and (b) King Brothers has never been indebted to the Consulting Company.  (As alleged within paragraph 31 below, a close personal and/or business relationship exists between said defendants and the Consulting Company, and the principals of the Consulting Company are former "insiders" of the Parent Entity.)

## DEFRAUDING OF CUSTOMERS AND CREDITORS

23.

Also, said defendants have previously required, and continue to insist that, King Brothers (a) cease paying its own creditors and vendors, and (b) disregard its contractual and lien-based obligations to segregate and pay certain funds directly to its own creditors and vendors.

24.

As a result, King Brothers has amassed delinquent payment obligations to its own creditors and vendors of approximately $763,000, a sizeable portion of which has been delinquent for 120 days or more (which further establishes that the amount in controversy exceeds the established threshold, as alleged within paragraph 18 above), in addition to other delinquent obligations of a lesser duration (*i.e.*, 30-60 days, and

STOCKHOLDERS' DERIVATIVE COMPLAINT - 11

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA  98907
(509) 457-1515
(509) 457-1027 (fax)

1  0-30 days).  By contrast, prior to said defendants' actions, King Brothers
2  promptly paid and satisfied all payment obligations within 30 days, which
3  is the customary industry practice and a practical requirement for
4  continued operations by King Brothers.

5                                    25.

6          As recently as Friday, November 13, 2009, defendant Silva was
7  physically present within the Eastern District of the State of Washington,
8  and attempted to withdrawal and misappropriate funds from King
9  Brothers's bank account(s), including but not limited to the account(s)
10 maintained at Banner Bank.  This is reflected via a letter dated November
11 13, 2009, (together with attachments) that was authored by an attorney for
12 defendant Silva and sent as a demand that the Banner Bank relinquish
13 the funds, a copy of which letter is appended hereto and marked as
14 "Exhibit G".  As recently as the date of this pleading, Banner Bank has
15 informed King Brothers that a "hold" has been placed on its account(s),
16 and that no pending checks (such as payroll and payments to vendors)
17 will be honored until a decision is made by a court.  On current information
18 and belief, the bank account(s) had a positive balance of approximately
19 $289,000 as of November 13, 2009 (which further establishes that the
20 amount in controversy exceeds the established threshold, as alleged
21 within paragraph 18 above).

22                                   26.

23         Since July of 2009, approximately $172,000 has been transferred
24 away from King Brothers to the Parent Entity, or at the insistence of the
25 Parent Entity (which further establishes that the amount in controversy
26 exceeds the established threshold, as alleged within paragraph 18 above).

STOCKHOLDERS' DERIVATIVE COMPLAINT - 12      LARSON BERG & PERKINS PLLC

## IMPROPER "DIVIDENDS"

27.

The allegations of paragraphs 22-26 above constitute an improper "dividend" under applicable law because upstream payments have occurred and continue to be demanded (*i.e.*, transfers from King Brothers to the Parent Entity, or at the insistence of the Parent Entity), while King Brothers remains indebted and increasingly indebted to its own creditors and vendors, such that a surplus does not properly exist and a true dividend cannot occur.   In this regard, plaintiffs allege that such transfers are not for repayment of any loans from the Parent Entity, because no such loan(s) exist.   Likewise, plaintiffs allege that such transfers do not properly qualify as a management fee, because the Parent Entity does not manage the operations of King Brothers, and, further, because no direct business relationship exists between King Brothers and the Consulting Company.

28.

Pursuant to applicable law, defendants Sandifer and Silva are jointly and severally liable for all improper "dividends".   Defendant Sandifer is liable in his role as a director of the Parent Entity, and defendant Silva is liable based on his attempt to act as a purported director of the Middle Entity and/or of King Brothers.   Moreover, the Parent Entity and the Middle Entity, as defendants on this lawsuit, are likewise liable because those entities are the upstream stockholders that benefited from the improper "dividends".

///

///

STOCKHOLDERS' DERIVATIVE COMPLAINT - 13

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA  98907
(509) 457-1515
(509) 457-1027 (fax)

1

## **EXPOSING OTHERS TO UNJUSTIFIED LIABILITIES**

2

29.

3      As a further result of said defendants' actions, King Brothers and its
4  officers have become exposed to liabilities that otherwise would not have
5  been incurred.  These liabilities include, but are not limited to, breach of
6  the terms of various "lien release" documents, whereby King Brothers,
7  upon receiving payment from its customers, warranted that certain funds
8  would be promptly tendered to King Brothers's creditors and vendors,
9  which, because of said defendants' actions, has not occurred and/or has
10  not occurred timely.  The giving of such "lien releases" are, and at all
11  material times have been, consistent with customary practice in the
12  industry that King Brothers is engaged and required by most, if not all,
13  of King Brothers's customers.  Because King Brothers's officers have
14  signed "lien release" while knowing that said defendants have previously,
15  and continue to try to, misappropriate the funds, the officers of King
16  Brothers are at risk of personal liability, and unjustifiably so.

17

30.

18      King Brothers's officers (who, as explained within paragraph 29
19  above, may face personal liability because of said defendants' actions)
20  are among the primary stockholders in the Parent Entity and are among
21  the plaintiffs on this lawsuit.  Thus, a three-fold harm is occurring as
22  follows:  (i) King Brothers is being stripped of its funds and, as a result,
23  is breaching its own obligations; (ii) the plaintiffs are being exposed to
24  personal liability; and (iii) the Parent Entity is suffering a harm, because
25  the misappropriated funds are not remaining in the Parent Entity (which is

26

**STOCKHOLDERS' DERIVATIVE COMPLAINT - 14**      LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA  98907
(509) 457-1515
(509) 457-1027 (fax)

1  majority-owned by plaintiffs), but, rather, the funds are being transferred to
2  the Consulting Company which is an unrelated entity.

## UNJUST ENRICHMENT OF UNRELATED ENTITY

31.

6  Aggravating things, the Consulting Company (that, as explained
7  within paragraph 22 above, is receiving misappropriated funds because of
8  said defendants' actions) is controlled and/or owned by close personal
9  friends and business associates of said defendants.    Moreover, the
10  principals at the Consulting Company are former "insiders" of the Parent
11  Entity and were instrumental, if not entirely responsible, for the hiring of
12  defendant Silva as the current Sole Officer at the Parent Entity.

32.

14  Thus, said defendants are effectively and wrongfully (a) directly
15  benefiting a selected creditor (*i.e.*, the Consulting Company) of the Parent
16  Entity with funds that do not properly belong to the Parent Entity, which
17  further constitutes a conflict of interest because that creditor (via its
18  principals) effectively secured the job for defendant Silva at the Parent
19  Entity, and (b) indirectly enriching former insiders, again with funds that do
20  not properly belong to the Parent Entity.    This is over-and-above the
21  harms explained within paragraph 30 above.

22  ///
23  ///
24  ///
25  ///
26  ///

**STOCKHOLDERS' DERIVATIVE COMPLAINT - 15**    LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA  98907
(509) 457-1515
(509) 457-1027 (fax)

1

## DESTRUCTION AND WASTING OF ASSETS

2                                33.

3      King Brothers is the only viable business operation of the Parent

4   Entity, and all substantial assets of the three-entity structure are owned by

5   King Brothers.  Accordingly, said defendants' actions are destructive and

6   wasteful of the only viable component of the business structure.

7                                34.

8      Pursuant to applicable law, defendants Sandifer and Silva are jointly

9   and severally liable for all destructive and wasteful actions.  Defendant

10  Sandifer is liable in his role as a director of the Parent Entity,

11  and defendant Silva is liable based on his attempt to act as a purported

12  director of the Middle Entity and/or of King Brothers.  Moreover, the Parent

13  Entity and the Middle Entity, as defendants on this lawsuit, are likewise

14  liable because those entities are the upstream stockholders that benefited

15  from the destructive and wasteful actions.

16

17

## BREACH OF FIDUCIARY DUTIES

18                                35.

19     Defendants Sandifer and Silva, and all generically-identified

20  defendants, have previously, and continue to, breach their fiduciary duties

21  (care, loyalty and good faith) to the Parent Entity, to the Middle Entity,

22  to plaintiffs, and to all of the stockholders.

23  ///

24  ///

25  ///

26  ///

**STOCKHOLDERS' DERIVATIVE COMPLAINT - 16**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA  98907
(509) 457-1515
(509) 457-1027 (fax)

## DOUBLE- AND MULTI-DERIVATIVE LAWSUIT

36.

As a defendant, the Parent Entity (via defendants Sandifer and Silva), has committed wrongs against the Middle Entity, which negatively impairs the Parent Entity, negatively impairs the plaintiffs' stock in and majority ownership of the Parent Entity, and negatively impairs the stock and fractional ownership of all stockholders of the Parent Entity.  In this regard, this lawsuit partially qualifies as a "double-derivative" action, and plaintiffs are suing on a derivative basis both with respect to the Parent Entity and with respect to the Middle Entity.

37.

Similar to paragraph 36 above, the Parent Entity (via defendants Sandifer and Silva) and the Middle Entity have committed wrongs against King Brothers, which negatively impairs the Parent Entity, negatively impairs the Middle Entity, negatively impairs the plaintiffs' stock in and majority ownership of the Parent Entity, negatively impairs the plaintiffs' equitable ownership of the Middle Entity, and negatively impairs the stock and fractional ownership of all stockholders of the Parent Entity.  In this regard, this lawsuit partially qualifies as a "triple-derivative" or "multi-derivative" action, and plaintiffs are suing on a derivative basis with respect to (a) the Parent Entity, (b) the Middle Entity, and (c) King Brothers.

38.

Consistent with applicable law, the otherwise-relevant requirement of that the plaintiffs must currently own stock in the putative-plaintiff corporation(s) does not apply with regard to the "double-derivative" action

STOCKHOLDERS' DERIVATIVE COMPLAINT - 17

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA  98907
(509) 457-1515
(509) 457-1027 (fax)

1   as to the Middle Entity, and, likewise, does not apply with regard to the
2   "multi-derivative" action as to King Brothers.

### STOCKHOLDERS' REMOVAL OF SANDIFER AND SILVA

39.

6   The plaintiffs have lost faith in defendants Sandifer and Silva,
7   and the plaintiffs no longer want for said defendants to have or exercise
8   any managerial-type powers or authority with respect to the Parent Entity,
9   the Middle Entity, and/or King Brothers (which allegation is made both with
10  respect to any actual powers and authority that said defendants actually
11  possess, and with respect to all purported powers and authority that said
12  defendants have attempted to claim and exercise).

40.

14  Quite recently, the plaintiffs (as majority owners of the Parent Entity)
15  (a) voted to terminate and remove Sandifer from his position as the Sole
16  Board Member of the Parent Entity, and (b) voted to terminate and
17  remove Silva from his position as the Sole Officer of the Parent Entity.
18  These votes were held via an informal meeting/agreement of the
19  stockholders, and the votes are evidenced by the "Memorial" and
20  "Stockholder Proxy Grant" documents appended hereto and collectively
21  marked as "Exhibit H".

41.

23  Despite the fact that the Parent Entity is a publically-traded
24  company, there is no restriction against the majority owners terminating
25  the director and/or officer via an informal meeting/agreement.  However,
26  various SEC filing requirements may delay the publically-recognized

**STOCKHOLDERS' DERIVATIVE COMPLAINT - 18**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA 98907
(509) 457-1515
(509) 457-1027 (fax)

1  effective date of these votes.  If so, and based on the totality and recent
2  history of said defendants' actions, there is a substantial risk of continued
3  and further harmful actions by said defendants in the immediate future.

4                                        42.

5          To further negate said defendants' actual or purported control,
6  the plaintiffs will endeavor with all deliberate speed to (a) elect a new
7  Board for the Parent Entity, (b) to have the newly-elected Board appoint
8  new Officers for the Parent Entity, and (c) to, in turn, have new boards
9  duly-elected and new officers duly-appointed for the Middle Entity and for
10 King Brothers (which, potentially, may occur via "re-recognition" of the
11 boards and officers that were, and technically still are, proper and valid).

12

13 ## REQUEST FOR TEMPORARY RESTRAINING ORDER, AND
14 ## THEREAFTER A PRELIMINARY INJUNCTION

15                                        43.

16         Without a temporary restraining order, continued and further
17 irreparable harm will be suffered by the Parent Entity, the Middle Entity,
18 King Brothers, plaintiffs, all of the stockholders, and customers and
19 creditors.

20                                        44.

21         Said defendants should be restrained, and thereafter enjoined, from
22 taking or attempting to take any significant action with respect to the
23 Parent Entity, the Middle Entity and/or King Brothers, in order to protect
24 the entities, plaintiffs, all stockholders, and customers and creditors.

25 ///
26 ///

STOCKHOLDERS' DERIVATIVE COMPLAINT - 19       LARSON BERG & PERKINS PLLC
                                                      105 North 3rd Street
                                                      P.O. Box 550-0550
                                                      Yakima, WA  98907
                                                      (509) 457-1515
                                                      (509) 457-1027 (fax)

45.

Pending a formal preliminary injunction hearing, said defendants should be judicially-restrained from taking or attempting to take any of the following actions with respect to the Parent Entity, the Middle Entity, and/or King Brothers:  (a) issuing additional stock; (b) hiring or terminating any board members and/or officers; (c) changing any banking arrangements involving King Brothers Woodworking, Inc. ("King Brothers"); (d) seizing funds held in any bank account of King Brothers; (e) seizing or exerting control over any payments receiving or to be received by King Brothers; (f) issuing any payment to Searchlight; (g) declaring or issuing any dividends; and/or (h) engaging in any other drastic or material change that would affect the operation of the Parent Entity, the Middle Entity, and/or King Brothers.

## **PRAYER FOR RELIEF**

WHEREFORE, having pled their allegations and claims, the plaintiffs (on derivative bases), pray for the following relief:

1.   That plaintiffs are empowered to prosecute this lawsuit on a derivative basis for the Parent Entity, on a double-derivative basis for the Middle Entity, and on a multi-derivative basis for King Brothers;

2.   That damages be awarded against some or all of the named-defendants, as determined appropriate by this Court;

3.   That monetary interest, costs and attorneys' fees, each to the maximum extent permitted by law, in equity or by contract, be awarded against some or all of the named-defendants, as determined appropriate by this Court;

STOCKHOLDERS' DERIVATIVE COMPLAINT - 20

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA  98907
(509) 457-1515
(509) 457-1027 (fax)

1    4.    That defendants Sandifer and Silva be removed from any and all
2  director and/or officer position(s) held, or purported to be held, in the
3  Parent Entity, the Middle Entity and/or King Brothers;

4    5.    That defendants Sandifer, Silva, Any Unknown Directors of the
5  Parent Entity, Any Unknown Officers of the Parent Entity, Any Unknown
6  Directors of the Middle Entity, and Any Unknown Officers of the Middle
7  Entity be judicially-restrained and judicially-enjoined as sought;

8    6.    That a formal preliminary injunction hearing be scheduled as
9  soon as convenient for the Court and parties; and

10   7.    That further or different relief be awarded to plaintiffs as
11  determined appropriate by this Court.

12  DATED this 16th day of November, 2009.

14  _____
    D. R. (Rob) Case (WSBA #34313)

16  _____
    Paul M. Larson (WSBA #6010)

18  _____
    James S. Berg (WSBA #7812)

19
20  **LARSON BERG & PERKINS PLLC**
    Attorneys for Plaintiffs
21  105 North 3rd Street
    P.O. Box 550
22  Yakima, WA  98907-0550
    Telephone: (509) 457-1515
23  Facsimile: (509) 457-1027
24  Email:  Rob@LBPlaw.com
    Email:  Paul@LBPlaw.com
25  Email:  JSBerg@LBPlaw.com
26

STOCKHOLDERS' DERIVATIVE COMPLAINT - 21

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550-0550
Yakima, WA  98907
(509) 457-1515
(509) 457-1027 (fax)

1

## VERIFICATION

2   Each of the undersigned, as a named-plaintiff on this lawsuit,

3   hereby declares under penalty of perjury (a) that he/she has read the

4   forgoing STOCKHOLDERS' DERIVATIVE COMPLAINT, (b) that he/she is

5   familiar with the underlying facts and circumstances that form the basis for

6   this lawsuit, and (c) upon current information and belief, that he/she

7   considers the contents of the COMPLAINT to be true and accurate.

8

9

10   Gary King, *plaintiff*                    11/16/09
                                               Dated

11

12   Donald Craig, *plaintiff*                 11/16/09
                                               Dated

13

14   Greg Aff, *plaintiff*                     11/16/09
                                               Dated

15

16   Candace Broadfoot, *plaintiff*            11/16/09
                                               Dated

17

18

19

20

21

22

23

24

25

26

**STOCKHOLDERS' DERIVATIVE COMPLAINT - 22**     LARSON BERG & PERKINS PLLC
                                                105 North 3rd Street
                                                P.O. Box 550-0550
                                                Yakima, WA  98907
                                                (509) 457-1515
                                                (509) 457-1027 (fax)